UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLSTON TIMBERS LTD.,

                Plaintiff,

-v-

EDDIE SASTRA and PT MENARA SAMUDERA,

                Defendants.

No. 09 Civ. 0797 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Allston Timbers Ltd. commenced this action on January 28, 2009 by filing a Verified Complaint alleging $671,459.95, in damages, inclusive of interest, costs, attorneys' fees, and arbitral costs. Plaintiff alleges that Defendants Eddie Sastra and PT Menara Samudera wrongfully failed to pay amounts due under a joint venture contract for the operation of the M/V Cendikiawan. By Order dated January 28, 2009, the Court denied Plaintiff's application for an *ex parte* order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions for failure, *inter alia*, to include sufficient allegations that Defendants' property might be found in the District. The January 28, 2009 Order also gave Plaintiff leave to file an amended complaint and to renew its application for an *ex parte* order for Process of Maritime Attachment and Garnishment.

    Before the Court is Plaintiff's Amended Verified Complaint and renewed application for an *ex parte* order for Process of Maritime Attachment and Garnishment, both dated February 9, 2009. Plaintiff has supplemented the allegations in its previous complaint by alleging that Defendants have or will have property within the District because Defendants "conduct[]

business internationally in US dollars and all electronic fund transfers are processed by intermediary banks in the United States, primarily New York." (Am. Cmplt. ¶ 13.) As the Court noted in its January 28, 2009 Order, "[a]t the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, No. 07 Civ. 6488 (LTS) (KNF), 2008 WL 2811481, at *5 (S.D.N.Y. July 18, 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). Plaintiff nonetheless bears the burden of demonstrating to the Court, as part of its showing of entitlement to the Process of Maritime Attachment and Garnishment, that "the defendant's property may be found within the district . . . ." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). The Court finds that, even as amended, Plaintiff has not included "enough factual matter (taken as true) to suggest" that Defendants' property may be found in the Southern District of New York. *Twombly*, 127 S. Ct. at 1965.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for Process of Maritime Attachment and Garnishment is DENIED without prejudice. Should Plaintiff wish to renew the application for Process of Maritime Attachment, Plaintiff shall file a Verified Amended Complaint setting forth the bases for its belief that Defendants' property may be found within this District as well as the garnishees it seeks authorization to serve. At that time, the Court will reconsider whether the requirements of Rule B have been met;

IT IS FURTHER ORDERED THAT, no later than February 20, 2009, Plaintiff shall submit a Verified Amended Complaint or a letter advising the Court that it does not intend to renew its application for Process of Maritime Attachment; and

2

IT IS FURTHER ORDERED THAT, should Plaintiff elect to voluntarily dismiss this action, any subsequent action commenced in this District related to the same operative facts and maritime claim shall include a copy of this Order and be referred to the undersigned as a related case.

SO ORDERED.

Dated:     February 9, 2009
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE